THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD LAWRENCE, Defendant-Appellant.

Fifth District   No. 5—89—0256

Opinion filed December 31, 1990.

Daniel M. Kirwan and Erwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barry Vaughn, State's Attorney, of Fairfield (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Richard Lawrence, appeals from the judgment entered by the circuit court of Wayne County revoking his probation and ordering him to pay restitution. We reverse in part and affirm in part.

In October of 1987, defendant pleaded guilty to two separate counts of unlawful delivery of a controlled substance. In accordance with the plea agreement, defendant was sentenced to one year of periodic imprisonment and 30 months' probation and ordered to pay $405 as restitution to the Division of Criminal Investigation (DCI). Pursuant to section 6—205(b)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)), defendant's driver's license also was revoked as a result of his conviction.

After completing his sentence of periodic imprisonment, defendant was arrested for driving while license revoked. A petition was filed two days later requesting the revocation of defendant's probation. Defendant's probation subsequently was revoked. This time, defendant was sentenced to 30 months' probation without credit for prior time served and to two weekends of periodic imprisonment along with being ordered to pay all outstanding fines and court costs.

■■ Defendant first argues on appeal in reliance upon *People v. Lindner* (1989), 127 Ill. 2d 174, 535 N.E.2d 829, that his license to drive was not properly revoked and, therefore, the revocation of his probation was improper and should be reversed. In *Lindner*, our su-

preme court struck down section 6—205(b)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)), the statute under which defendant's license was revoked, as a violation of the due process clauses of the Illinois and United States constitutions. (127 Ill. 2d at 186, 535 N.E.2d at 834.) The trial court here, however, believed the holding only applied to convictions for specified sex offenses and accordingly agreed to the revocation of defendant's probation. It is true the convictions involved in *Lindner* are sex offense-related, but this does not mean the court's holding is so narrowly limited. The supreme court reviewed in detail section 6—205(b)(2) and the Illinois Vehicle Code in general. Upon determining the legislative purpose in enacting the Code was to protect the public interest of safe and legal operation and ownership of motor vehicles, the court concluded section 6—205(b)(2) constituted an unreasonable means of furthering this public interest. To prohibit persons from driving merely because they have committed an offense which did not even involve the use of a motor vehicle is not a reasonable way to ensure that motor vehicles will be owned and operated safely and legally. (127 Ill. 2d at 182-83, 535 N.E.2d at 832-33.) The court further stated the inclusion of the enumerated offenses and no others was an arbitrary decision of the legislature. (127 Ill. 2d at 183, 535 N.E.2d at 833.) We therefore believe the trial court erred in distinguishing *Lindner* solely on the basis of which offense defendant was convicted of. *Lindner* overruled section 6—205(b)(2) in its entirety without regard for the specific offense as an unreasonable and arbitrary exercise of State powers.

■ The State counters that revocation of driving privileges for delivery of a controlled substance can be reasonably related to the purpose of repressing the commission of such crimes. The same argument can be made for numerous other crimes committed without the use of a motor vehicle. The choice of this offense and no others remains an arbitrary decision of the legislature. We therefore conclude defendant's license was never properly revoked. Consequently, the decision to revoke defendant's probation based upon his arrest for driving while license revoked must be reversed.

Defendant also argues on appeal the trial court erred in ordering him to pay $405 restitution to DCI because DCI is not a victim.

■ We initially note that the State's contentions that defendant has waived this issue for appeal are erroneous. A void order may be attacked at any time. *People v. Evans* (1984), 122 Ill. App. 3d 733, 740, 461 N.E.2d 634, 639; *People v. Daugherty* (1982), 104 Ill. App. 3d 89, 92, 432 N.E.2d 391, 394.

● 4, 5 Turning to the merits of the issue, admittedly, when public monies have been expended to purchase drugs by undercover agents, the governmental agency that funded the purchase is not a victim within the intendments of section 5—5—6(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6(b)). (See *Evans*, 122 Ill. App. 3d at 740, 461 N.E.2d at 639.) Here, however, we are not dealing with a restitution order imposed after a jury verdict. Rather, we are faced with a restitution order comprising an essential term of defendant's plea agreement. Under such circumstances, if legal consideration is present and both parties have in fact entered into an agreement, then both parties will be bound by such agreement. (*People v. Starks* (1985), 106 Ill. 2d 441, 448-49, 478 N.E.2d 350, 353-54.) In this instance, the State's legal consideration consisted of giving up the right to seek the maximum sentence allowed for defendant's conviction while defendant's legal consideration was giving up his right to a trial by jury. Defendant clearly received the benefit of his bargain and is, therefore, bound by the terms of his agreement. In light of this, we can vacate defendant's restitution order only if the record indicates the plea agreement was involuntary or uninformed. We find no indication such was the case. We, therefore, affirm the trial court's order of restitution to DCI. See *People v. Brumas* (1990), 204 Ill. App. 3d 542, 548.

For the aforementioned reasons, the order entered by the circuit court of Wayne County revoking defendant's probation is reversed while the order of restitution to DCI is affirmed.

Reversed in part; affirmed in part.

WELCH and GOLDENHERSH, JJ., concur.