George E. MAHER, Jr., Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 71A03–9211–CR–370.[1]

Court of Appeals of Indiana,
Third District.

April 22, 1993.

---

1. This opinion is the 2000th majority decision by Judge Staton.

Michael P. Rehak, South Bend, for appellant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

**2.** IND.CODE 35–48–4–6(a) (1988).

STATON, Judge.

George E. Maher pled guilty to one count of possession of cocaine, a Class D Felony.[2] Maher appeals the portion of his sentence imposed by IND.CODE 35–48–4–15(a) (Supp.1992), which requires, *inter alia,* upon the conviction for possession of cocaine "the court shall ... order that the person's (1) operator's license be suspended [and (2) the person's] ability to register motor vehicles be suspended" by the bureau of motor vehicles for at least one hundred eighty (180) days but not more than two years. Maher presents one issue for our review, which we restate as follows:

> Whether the portion of Maher's sentence required by IC 35–48–4–15(a) violates his constitutional rights.

We affirm the sentence as required by IC 35–48–4–15(a). On June 4, 1992, Maher pled guilty to possession of cocaine, a Class D Felony. The trial court sentenced Maher to one year with the Department of Corrections. The trial court then suspended the sentence and placed Maher on probation for one year. Pursuant to IC 35–48–4–15, the trial court also suspended Maher's operator's license and his ability to register a motor vehicle in the State of Indiana for a period of six months. Maher motioned to have this portion of the sentence stayed. Following a hearing, the trial court granted Maher's motion to stay the suspensions pending an appeal.

Maher argues that Indiana should recognize driving as a fundamental right and contends that IC 35–48–4–15 is unconstitutional under the equal protection clause, substantive due process, and the privileges and immunities clause. IC 35–48–4–15 provides in relevant part:

> (a) if a person is convicted of an offense under [IC 35–48–4–6] ..., the court shall, in addition to any other order the court enters, order that the person's:
>
> (1) operator's license be suspended;
>
> (2) existing motor vehicle registrations be suspended; and

(3) ability to register motor vehicles be suspended;

by the bureau of motor vehicles for a period specified by the court of at least one hundred eighty (180) days but not more than two (2) years.

## I.

### *Fundamental Right*

Maher argues the ability to drive is of paramount importance in our society today, and he asks this court to declare the ability to possess a driver's license a right, not a privilege.

"Neither [the Indiana Supreme Court] nor the United States Supreme Court has ever held that there exists a fundamental right to drive a motor vehicle. While the United States Court has blurred the distinction between "right" and "privilege" with respect to driving, that Court did not define driving as a "right" but rather referred to it as an "entitlement." *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

*Ruge v. Kovach* (1984), Ind., 467 N.E.2d 673, 677, *reh. denied. But see, Berlinghieri v. Department of Motor Vehicles* (1983), 33 Cal.3d 392, 188 Cal.Rptr. 891, 895, 657 P.2d 383, 387 (driving declared a fundamental right under the California Constitution).

■ In support of his contention, Maher points out that the loss of his license means the loss of his job and the loss of support. However, in *Ruge, supra,* the court stated, "there exists no fundamental right to drive based upon a fundamental right to employment. *See Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (governmental employment)." Based on existing case law, we decline Maher's request to declare driving a fundamental right in the State of Indiana. *Ruge, supra.*

## II.

### *Equal Protection*

■ Because the Indiana Constitution explicitly vests the General Assembly with the exclusive power to legislate, an act of the legislature must be afforded a presumption of constitutionality. IND. CONST. Art. 4, § 21; *Ruge, supra,* at 677. The burden is on Maher to prove a constitutional violation. *Id.*

■ Maher makes two arguments under equal protection. First, IC 35–48–4–15 infringes on the right to travel, and second, IC 35–48–4–15 chills the right to migrate. First, *Ruge, supra,* stated: "[w]e [ ] do not think that the fundamental right to interstate travel implies a fundamental right to drive since ... [the] suspension of a person's driver's license does not necessarily curtail that person's freedom to move from state to state. *See Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969)." Maher's second equal protection argument is based on the fundamental right to migrate. However, the reasoning applicable to the right to travel in *Ruge, supra,* is equally applicable to the fundamental right to migrate. The suspension of a person's driver's license does not necessarily curtail that person's freedom to migrate. *Id.*

Another consideration under equal protection is whether the statute infringes on a suspect class. The United States Supreme Court has only recognized classes based upon alienage, national/ethnic origin, and race as inherently suspect. *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); *McLaughlin v. Florida,* 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964). The class of individuals affected by IC 35–48–4–15(a) are those convicted of the offenses listed in IC 35–48–4–15(a) for "possession of" or "dealing in" a controlled substance. Because Maher has failed to implicate a fundamental right or a suspect class affected by IC 35–48–4–15, the State need only show the classification has a reasonable basis. *U.S. Railroad Retirement Board v. Fritz,* 449 U.S. 166, 175, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980), *reh. denied,* 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1981).

The State offers two interests in support of IC 35–48–4–15. The first interest is highway safety and keeping those likely to

be impaired by drugs off the road. The second interest is reducing the distribution and use of drugs by requiring the convicted individuals to get rides or take public transportation to consummate illegal drug transactions.[3] Under this level of scrutiny the State is not required to use the least restrictive mechanism. We conclude the State provided a reasonable basis for the classification, and Maher's equal protection arguments fail.

## III.

### Substantive Due Process

■ Maher contends that IC 35–48–4–15 violates substantive due process. Because Maher contends that a fundamental right is involved, he has asked this court to review the statute under the strict scrutiny standard. However, we concluded in parts I and II, *supra*, of this opinion that Maher has failed to implicate a "fundamental right". The State argues we should apply the rational relationship test and again offers the purposes of highway safety and restriction of mobility for the distribution and use of drugs. Because we believe that substantive due process requires more, we decline to do so. The purposes forwarded by the State are not rationally related unless the defendant has used and is likely to continue to use driving as an integral aspect of his criminal conduct. Without clear and convincing evidence that driving is directly involved in the criminal conduct, the suspensions required by IC 35–48–4–15 are not a reasonable method to ensure the purpose forwarded by the State in support of the statute. *See, Illinois v. Lawrence* (1990), 206 Ill.App.3d 622, 152 Ill.Dec. 80, 81, 565 N.E.2d 322, 323.

Because Maher pled guilty to the offense of possession of cocaine, we must rely on Officer Andrews' "Affidavit in Support of Probable Cause" which states:

\* \* \* \* \* \*

At approximately 8:09 p.m., [Officers Wilbur] and I were driving west on Corby [Boulevard] and saw a dark colored car parked on the wrong side of the street on Corby. Just before we reached the rear of the parked vehicle, the driver [Maher] of the car pulled the car out in front of me. Because [Maher] was parked on the wrong side of the street, he pulled from the eastbound lane on Corby to the westbound lane, nearly causing an accident with [the police cruiser]. I activated the light on my marked police car and stopped the vehicle.

\* \* \* \* \* \*

Record, p. 7. On this record, we conclude there is clear and convincing evidence the purpose of highway safety is forwarded by the application of IC 35–48–4–15 to Maher. We reject Maher's substantive due process claim.

## IV.

### Privileges and Immunities Clause

■ Maher contends IC 35–48–4–15 violates the Privileges and Immunities Clause. However, the Privileges and Immunities Clause (the "Clause") is not an absolute.

> Some distinctions between residents and nonresidents merely reflect the fact that this is a Nation composed of individual States, and are permitted; other distinctions are prohibited because they hinder the formation, the purpose, or the development of a single Union of those States. Only with respect to those "privileges" and "immunities" bearing upon the vitality of the Nation as a single entity must the State treat all citizens, resident and nonresident, equally.

*Baldwin v. Fish and Game Commission of Montana*, 436 U.S. 371, 383–84, 98 S.Ct. 1852, 1860, 56 L.Ed.2d 354 (1978). The Clause "was designed to insure to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy." *United Building and Construction v. Mayor and Council of Camden*, 465 U.S. 208, 216, 104 S.Ct. 1020, 1026, 79 L.Ed.2d 249 (1984) (quoting *Toomer v.*

---

**3.** We conclude this second purpose has little merit. The same purpose could be forwarded for numerous other crimes committed without the use of a motor vehicle.

*Witsell,* 334 U.S. 385, 395, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460 (1948)).

■ Maher argues IC 35–48–4–15 places a greater burden on an Indiana citizen than an Out-of-State citizen. However, Maher may not properly make a privileges and immunities claim. Maher is a citizen of Indiana. He and the other citizens of Indiana had the opportunity to elect the representatives who make up the Indiana General Assembly. The General Assembly codifies the public policy of Indiana. Because the Out-of-State citizens do not elect the Indiana General Assembly, the Clause provides a safeguard for their rights while in Indiana. Because the citizens of Indiana at least have a chance to remedy any discrimination against them at the polls, the citizens of Indiana "have no claim under the Privileges and Immunities Clause. *Slaughter–House Cases,* 83 U.S. (16 Wall.) 36, 77, 21 L.Ed. 394 (1873)." *United Building and Construction, supra,* 465 U.S. at 217, 104 S.Ct. at 1027. Out-of-State citizens have no similar remedy. *Id.* Maher's request to change the public policy of Indiana is not properly addressed to this court.[4]

We affirm.

HOFFMAN, J., dissents and files separate opinion.

SULLIVAN, J., concurs as to Issue I, II, & III, and concurs in result as to Issue IV, without separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. The continued possession of a driver's license is an entitlement or property interest which cannot be taken away without procedural due process.

*Bell v. Burson* (1971), 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94; *Heying v. State* (1987), Ind.App., 515 N.E.2d 1125, 1128.

Procedural due process generally requires notice and an opportunity for a hearing appropriate to the nature of the case. *Holmes v. Randolph* (1993), Ind., 610 N.E.2d 839, 844. IND.CODE § 35–48–4–15(a), the statute in question, requires the suspension of a convicted drug offender's driver's license and vehicle registration without any process whatsoever. The statute clearly denies licensees procedural due process in violation of the 14th Amendment; therefore, I would reverse and remand to the trial court for resentencing.

*See Holmes,* at 845 (notice of impoundment and impending sale provided by abandoned vehicle statute satisfies due process);

*Quiller v. Bowman* (1993) [262 Ga. 769], 425 S.E.2d 641 n. 1 (Georgia statute requiring suspension of driver's license of any person convicted of possession of a controlled substance or marijuana meets procedural due process requirements of state and federal constitutions where defendant receives both adequate notice of suspension and an administrative hearing).

Furthermore, although the supreme court of this state has not held that the right to drive is fundamental for purposes of substantive due process analysis, the realities of modern society demand such a holding at the present time. In *Berlinghieri v. Department of Motor Vehicles* (1983), 33 Cal.3d 392, 188 Cal.Rptr. 891, 657 P.2d 383, the California Supreme Court held that a driver's license is a fundamental right for purposes of applying an independent standard of review to the DMV's deci-

---

**4.** Additionally, if Maher could properly bring a privileges and immunities claim, it still must be decided whether IC 35–48–4–15 burdens one of the privileges and immunities which bears upon the vitality of the Nation as a single entity. *United Building and Construction, supra,* 465 U.S. at 216, 104 S.Ct. at 1020. While the Supreme Court has declined to decide the full range of activities protected by the privileges and immunities clause, we concluded in parts I and II, *supra:* there is no federal or Indiana

fundamental right to have a driver's license; there is no fundamental right to drive based on a fundamental right to employment; and the suspension of an individual's driver's license does not implicate the right to travel or the right to migrate. *Ruge, supra.* Because Maher has failed to show IC 35–48–4–15 burdens one of the privileges and immunities which bears upon the vitality of the Nation as a single entity, the Clause affords him no protection. *United Building and Construction, supra.*

sion to suspend or revoke such license. The *Berlinghieri* court made the following pertinent observations in its opinion:

"In our present travel-oriented society, the retention of a driver's license is an important right to every person who has obtained such a license. [Citation omitted.]. While we might agree with [the DMV's] observation that there exist alternative means of transportation, the reality of contemporary society is that public transportation systems may not meet the needs of many travellers and other forms of transportation, such as taxicabs, are not economically feasible for a large portion of the population.

Whether a driver's license is required only for delivering bread, commuting to work, transporting children or the elderly, meeting medical appointments, attending social or political functions, or any combination of these or other purposes, the revocation or suspension of that license, even for a six-month period, can and often does constitute a severe personal and economic hardship. [Citation omitted.]"

*Id.*, 188 Cal.Rptr. at 895, 657 P.2d at 387.

For Maher, as an employee of the South Bend sanitation department, the ability to drive affects his very livelihood. Without a driver's license, Maher cannot work; thus, he cannot support himself or his son. Clearly, the continued possession of his driver's license is of paramount importance to Maher on a personal as well as economic level; therefore, due to its utmost importance and necessity in today's society, the right to drive is fundamental.

Where, as here, a statute burdens a fundamental right, the State must show a compelling rather than a legitimate interest, or the statute will not survive "strict scrutiny" review for purposes of substantive due process analysis. *Heying* at 1129. By mandating the suspension of a convicted drug offender's driver's license, IND. CODE § 35–48–4–15(a) reduces the sale and distribution of drugs by automobile. The statute also removes from the road drivers who are likely to be under the influence of drugs. As the State notes, our legislature has a duty to enact legislation providing for the general welfare and safety of the people of Indiana. *Terpstra v. State* (1988), Ind.App., 529 N.E.2d 839, 846. IND.CODE § 35–48–4–15(a) promotes highway safety, and as highway safety is a compelling state interest (*Terpstra* at 846), the statute does not violate substantive due process.