Arte L. **MITCHELL**, Appellant–Defendant Below,

v.

**STATE** of Indiana, Appellee–Plaintiff Below.

No. 20A03–9312–CR–402.

Court of Appeals of Indiana, Third District.

Aug. 22, 1994.

Lee F. Mellinger, John H. Kenney, Elkhart, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Arte Mitchell pled guilty to possession of cocaine, a class D felony.[1] He appeals the portion of his sentence imposed pursuant to IND.CODE 35–48–4–15(a) which provides in pertinent part:

"If a person is convicted of an offense under ... IC 35–48–4–6, ... the court

---

1. IND.CODE 35–48–4–6(a).

shall, in addition to any other order the court enters, order that the person's:

    (1) Operator's license be suspended;

    (2) Existing motor vehicle registrations be suspended; and

    (3) Ability to register motor vehicles be suspended; by the bureau of motor vehicles for a period specified by the court of at least six (6) months but not more than two (2) years."

Mitchell presents for review a single issue: whether the compulsory suspensions of I.C. 35–48–4–15(a) were unconstitutional as applied to him, because there is no evidence that he used a motor vehicle in the commission of the instant offense.

We remand for resentencing.

On September 13, 1993, Mitchell pled guilty to possession of cocaine. He received a suspended sentence and was placed on probation for one year. Additionally, the suspension provisions of I.C. 35–48–4–15 were applied to Mitchell. The State and Mitchell stipulated: "That a motor vehicle was in no way connected with the charged offense or the offense to which the Defendant pleaded guilty." Supp. Record, p. 2. The suspension order was stayed pending appeal.

Mitchell contends that I.C. 35–48–4–15 was applied to him in violation of his procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution. He argues that due process required an adversarial proceeding and the State's establishment, by clear and convincing evidence, that he operated a motor vehicle while possessing cocaine or operated a motor vehicle in an unsafe manner while impaired by cocaine.

Recently, in *Maher v. State* (1993), Ind. App., 612 N.E.2d 1063, an appellant whose driver's license had been revoked upon his plea of guilty to possession of cocaine raised a substantive due process challenge to I.C. 35–48–4–15. This court concluded that suspensions under I.C. 35–48–4–15 must be based upon clear and convincing evidence that the operation of a motor vehicle contributed to the criminal conduct at issue:

"Maher contends that IC 35-48-4-15 violates substantive due process. Because Maher contends that a fundamental right is involved, he has asked this court to review the statute under the strict scrutiny standard. However, we concluded in parts I and II, *supra*, of this opinion that Maher has failed to implicate a 'fundamental right.' The State argues we should apply the rational relationship test and again offers the purposes of highway safety and restriction of mobility for the distribution and use of drugs. Because we believe that substantive due process requires more, we decline to do so. *The purposes forwarded by the State are not rationally related unless the defendant has used and is likely to continue to use driving as an integral aspect of his criminal conduct. Without clear and convincing evidence that driving is directly involved in the criminal conduct, the suspensions required by IC 35–48–4–15 are not a reasonable method to ensure the purpose forwarded by the State in support of the statute. See, Illinois v. Lawrence* (1990), 206 Ill.App.3d 622, 152 Ill.Dec. 80, 81, 565 N.E.2d 322, 323."

*Id.* at 1066 (emphasis added).

The *Maher* court then examined the probable cause affidavit, which disclosed that Maher parked on the wrong side of a street and pulled from the eastbound lane to the westbound lane, nearly causing a collision with a police vehicle. Upon this record, the court concluded that there existed clear and convincing evidence that the purpose of highway safety was forwarded by the application of IC 35–48–4–15 to Maher. *Id.*

The circumstances surrounding Mitchell's commission of the instant offense are clearly distinguishable. The record is totally devoid of any evidence—much less clear and convincing evidence—that a motor vehicle was involved. Moreover, the State and Mitchell

entered into a "Stipulation of Facts" which disclosed that a motor vehicle was "in no way connected" with the instant offense.

We remand with instructions to the trial court to vacate the portion of Mitchell's sentence providing for suspensions pursuant to I.C. 35–48–4–15.

Remanded for resentencing.

HOFFMAN, J., concurs.

CHEZEM, J., dissents and files separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. I agree with the majority's assessment that operating a motor vehicle is not a fundamental right. However, I disagree with the notion that due process requires clear and convincing evidence at sentencing that the use of a motor vehicle contributed to Mitchell's criminal conduct in order to impose enhanced sanctions under Indiana Code § 35–48–4–15. *See Galloway v. State* (1981), Ind.App., 422 N.E.2d 1290, 1293 (defendant does not have a liberty interest after conviction and incarceration, so due process clause does not require a hearing to consider defendant's petition for shock probation).

When a statute is clear and unambiguous on its face, we may not interpret it. *Scheub v. Town of Schererville* (1993), Ind.App., 617 N.E.2d 585, 587. The language of I.C. § 35–48–4–15 does not require any kind of nexus between the crime committed and the use of a motor vehicle. The statute merely mandates the suspension of Mitchell's driver's license and other driving related privileges because he was convicted of a crime under I.C. § 35–48–4–6.

In other situations, we do not require a nexus ₒ between the means with which the defendant committed his crime and the penalty given, other than to require the sentence to be lawful under the Indiana and United States Constitution. Sentences are regularly meted out which do not directly correlate to the crime the defendant committed. For example, when a defendant is convicted of robbery and sent to prison, he loses his fundamental right to vote as a part of his punishment. The state does not have to show that he committed an election related offense, nor must he have used ballots in the commission of his crime in order to disenfranchise the defendant. Or, when a defendant is convicted for public intoxication and sentenced to a number of hours of community service, we have not required clear and convincing evidence that his crime must not have involved litter or public highways in order for the sentence to be acceptable.

The majority opinion amounts to usurping the legislature by rewriting the statute to add an unwarranted and unprecedented nexus requirement. I would affirm.