**Arte L. MITCHELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 20S03–9503–CR–341.**

Supreme Court of Indiana.

Dec. 15, 1995.

John H. Kenney, Lee F. Mellinger, Elkhart, for Appellant.

Pamela Carter, Attorney General, Deana McIntire Smith, Deputy Attorney General, Office of the Attorney General, Indianapolis, for Appellee.

### ON PETITION TO TRANSFER

DeBRULER, Justice.

Pursuant to a plea bargain, appellant Arte L. Mitchell pleaded guilty to Possession of Cocaine, a Class D felony. Ind.Code Ann. § 35–48–4–6 (West Supp.1994). The trial court entered a judgment of conviction, suspended appellant's one-and-a-half year prison sentence, and placed him on probation for a year. In addition, as part of the sentence, the trial court suspended appellant's driver's license, license plates, and ability to register a motor vehicle. Ind.Code Ann. § 35–48–4–15 (West Supp.1992). Appellant appealed, claiming that the suspension of his driver's license, license plates, and ability to register

a vehicle was unconstitutional. The Court of Appeals concluded that such a suspension requires clear and convincing evidence that driving was involved in the criminal conduct and reversed the suspension. *Mitchell v. State* (1994), Ind.App., 638 N.E.2d 1299. The State petitioned for transfer on a single issue: whether the Due Process Clause of the Fourteenth Amendment of the United States Constitution requires that license suspensions under Indiana Code Section 35–48–4–15 be supported by clear and convincing evidence that the operation of a motor vehicle contributed to the commission of the relevant crime. Ind.Appellate Rule 11(B)(2)(d). We granted transfer on March 10, 1995. Ind.Appellate Rule 11(B)(3).

### Facts

On September 29, 1992, the State charged appellant with Delivery of Cocaine, a Class B felony. The State alleged a delivery at a home in Elkhart, Indiana, but did not allege that a motor vehicle was involved in any way. Appellant appeared with counsel on February 15, 1993, and entered a preliminary plea of not guilty. On August 2, 1993, both appellant and the State appeared in open court and filed a "Plea Bargain Agreement and Disclosure" whereby appellant agreed to plead guilty to Possession of Cocaine, a Class D felony, with the sentence to be determined by the trial court. At the sentencing hearing on September 13, 1993, the trial court imposed the sentence and suspensions described above. Appellant objected to these suspensions, claiming that they are cruel and that the statute that purports to compel such suspensions is unconstitutional. The parties stipulated, the trial court approved the stipulation, and we assume *arguendo* that no motor vehicle was connected with either the charged crime or with the crime to which appellant pleaded guilty.

### Procedural Due Process

Appellant claims that the procedure used to suspend his operator's license was constitutionally deficient. This Court has wrestled with the nature and dictates of due process before, with varied results. Due process is a flexible concept which calls for such procedural protections as the time, place, and circumstances demand. *Wilson v.*

*Bd. of Ind. Employment Sec. Div.* (1979), 270 Ind. 302, 309, 385 N.E.2d 438, 444, *reh'g denied, cert. denied*, 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101 (1979). In order to determine the specific dictates of due process in a given situation, it is necessary to balance three distinct factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, along with the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Id.* at 309–10, 385 N.E.2d at 444 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976)).

In this case, appellant chose to dispose of the charge against him by accepting a plea bargain. In exchange for appellant's plea of guilty to Possession of Cocaine, a Class D felony, the charge of Delivery of Cocaine was dismissed. The plea bargain, however, left sentencing entirely to the discretion of the trial court.

The statute at issue in this case says that if a person is convicted of, *inter alia*, Possession of Cocaine,

... the court *shall*, in addition to any other order the court enters, order that the person's:

(1) operator's license be suspended;

(2) existing motor vehicle registrations be suspended; and

(3) ability to register motor vehicles be suspended; by the bureau of motor vehicles for a period specified by the court of at least six (6) months but not more than two (2) years.

Ind.Code Ann. 35–48–4–15(a) (West Supp. 1994) (emphasis added). As the plain language of this statute makes clear, when a conviction for one of the predicate offenses has been properly obtained, the trial court must suspend a defendant's driving privileges. The trial court's discretion extends only to the length of the suspension. This statute is unambiguous and we may not interpret a statute which is clear and unambig-

uous on its face. *Morgan County R.E.M.C. v. Indianapolis Power & Light Co.* (1973), 260 Ind. 164, 261 Ind. 323, 302 N.E.2d 776, *reh'g denied.*

Appellant pleaded guilty to Possession of Cocaine but agreed to leave sentencing to the discretion of the trial court. After judgment of conviction was entered upon the plea, appellant received a sentencing hearing as required by the statute. Ind.Code Ann. 35–38–1–4 (West 1986). An effect of Indiana Code 35–48–4–15(a) is to preclude any attempt to argue for a license suspension of less than six months. (It similarly prevents the State from arguing for a license suspension greater than two years.) This is no more constitutionally suspect than any other mandatory sentence, and this Court has clearly enunciated the constitutionality of mandatory, i.e., nonsuspendable, sentences. *State v. Palmer* (1979), 270 Ind. 493, 496–97, 386 N.E.2d 946, 949–50, *after remand,* (1981), 275 Ind. 124, 415 N.E.2d 707, *reh'g denied.* The trial court exercised most of its discretion in favor of appellant and gave him one of the most lenient sentences authorized by law, e.g., the license suspension was for the *minimum* period permitted by the statute. Once the trial court accepted appellant's plea, it was obligated to suspend appellant's driver's license, license plates, and ability to register a motor vehicle. *See generally Reffett v. State* (1991), Ind., 571 N.E.2d 1227 (if trial court accepts plea agreement, it is obligated to sentence defendant in accordance with agreement). This provision provides significant procedural safeguards, as one can only have one's driver's license suspended under this statute after a lawful conviction and a full sentencing hearing.

When the three factors, the private interest, risk of erroneous deprivation, and governmental interest, are balanced as required by *Wilson,* it is clear that there was no violation of appellant's procedural due process rights. Appellant's interest in retaining his operator's license is considerable, but so is the State's interest in imposing criminal punishment. The decision to suspend the defendant's license then relies on the available procedures and, as discussed above, that procedure includes the plea process and a sentencing hearing.

■ Appellant advances, without citation to authority, the novel position that in spite of the statute's explicit language, a judge may not order a license suspended unless the State moves for suspension and shows that the penalty is appropriate. If this argument were correct, it would remove the ability of the Indiana General Assembly to establish penalties, since the State could waive them after conviction by not making the correct motion and/or the required showing. This is not the law. A judge cannot impose a sentence that does not conform to the mandate of the applicable statute(s). *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090, 1092. A prosecutor should not be able to pursue an unauthorized result through inaction.

### Substantive Due Process

■ Appellant claims that the suspension of his operator's license is incompatible with substantive due process.

Contemporary notions of substantive due process find their roots in United States Supreme Court Justice Stephen T. Field's dissent in the *Slaughter–House Cases:* "The equality of right, with exemption from all disparaging and partial enactments, in the lawful pursuits of life, throughout the whole country, is the distinguishing privilege of citizens of the United States." *Slaughter–House Cases,* 16 Wall. (83 U.S.) 36, 109–110, 21 L.Ed. 394, 419 (1873) (Field, J., dissenting); *see, e.g., Lochner v. New York,* 198 U.S. 45, 25 S.Ct. 539, 49 L.Ed. 937 (1905) (right to contract to work more than ten hours per day); *Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923) (right to teach language other than English); *Pierce v. Society of Sisters,* 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925) (right to send children to private school); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (right of married couples to use contraceptives); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (right to abortion); *Bowers v. Hardwick,* 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (no right to engage in homosexual sodomy). The aforecited examples reveal

the range of rights which have been protected.

■ Neither this Court nor the United States Supreme Court has ever held driving to be a fundamental right. Even the U.S. Supreme Court case upon which appellant relies refers to driving as an "entitlement" rather than as a "right." *Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94 (1971). Since the law recognizes no fundamental right to drive, the State need only show that the law bears a rational relationship to a legitimate state interest. *Clark v. Jeter*, 486 U.S. 456, 461, 108 S.Ct. 1910, 1914, 100 L.Ed.2d 465, 471 (1988).

Since this statute only applies to those that have been convicted of one of the enumerated offenses, it bears a rational relationship to the legitimate state interest in punishing lawbreakers and deterring lawbreaking. More specifically, the General Assembly may have concluded that denying the privilege of driving and the privilege of using the public roads to those likely to deal in controlled substances, in this case one who has already been convicted of such a crime, is an effective means for deterring criminal conduct. It may be said, without deciding, that even if driving were a fundamental right, the availability of a restricted driver's license because of hardship would probably preclude the finding of a violation of the protections of substantive due process. *See* Ind.Code Ann. § 9–24–15 (West 1986). This analysis also requires disapproval of the Court of Appeals opinion in *Maher v. State* (1993), Ind.App., 612 N.E.2d 1063.

Moreover, this Court is troubled by the idea that there must be a special nexus between the punishment and the crime. We are not here persuaded that a penal statute which temporarily restricts one's use of the public domain as a punishment, which is neither cruel nor unusual and which treats similarly situated individuals equally, must survive this additional test under the Due Process Clause.

### Conclusion

The conviction and sentence are affirmed.

SHEPARD, C.J., and SELBY, J., concur.

DICKSON, J., concurs in result.

SULLIVAN, J., concurs in the part of the opinion captioned "Procedural Due Process" and concurs in result, without separate opinion.