SCOTT B. KOESTERER, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District No. 4—85—0658

Opinion filed May 21, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones-Stewart, Solicitor General, and Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellant.

H. Gary Apoian, of Apoian, Ross & Funk, P.C., of East St. Louis, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The Secretary of State appeals a decision of the circuit court reversing an administrative determination that Koesterer should be denied full driving privileges.

We affirm the order of the trial court.

Inasmuch as the parties are well acquainted with the facts, they will be mentioned here only as they are important to this disposition. The plaintiff's driver's license and driving privileges were revoked by order effective March 18, 1981. Plaintiff made application for full reinstatement of driving privileges or the issuance of a restricted driving permit. The matter came on for administrative hearing, July 26, 1983,

pursuant to section 2—118 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 2—118). The hearing officer found: (a) plaintiff had been convicted on December 28, 1978, for illegal transportation of alcoholic liquor; (b) defendant was convicted of driving while under the influence of intoxicating liquor on March 5, 1981, for an offense which occurred on February 22, 1981; (c) the plaintiff's driving privileges were revoked by the Secretary of State effective March 18, 1981, and have not been restored since the entry of that date; and (d) the plaintiff was issued a restricted driving permit on May 19, 1981, which expired on March 18, 1982, and the plaintiff during the time that he had that restricted driving permit did not violate the permit. The record indicates that the plaintiff was single, had no dependents, was employed by the Collinsville School District Unit No. 10 as a custodian, lived eight miles from his employment, and presently travels to and from work by receiving rides from his parents. Plaintiff testified that he had not drunk alcohol for over a year, and a neighbor and witness for the petitioner testified he had known plaintiff for 12 years and had not seen him drink in the last year. The Secretary of State submitted exhibit No. 4, a document entitled completion of an alcohol related driver remedial course and alcohol evaluation. The document, dated April 8, 1983, was an evaluation from AL-LIRT outpatient alcohol program. The hearing officer found that that document revealed a diagnostic impression of unspecified alcohol abuse.

The hearing officer recommended that full reinstatement of driving privileges or the issuance of a restricted driving permit be denied. On September 8, 1983, the Secretary of State entered an order following the recommendation of the hearing officer denying the plaintiff full reinstatement of driving privileges and/or the issuance of a restricted driving permit. Plaintiff sought administrative review, and on January 23, 1984, the trial court entered an order finding the decision of the defendant Secretary of State to be against the manifest weight of the evidence, showing "the complaint for administrative review allowed." On February 23, 1984, the Secretary of State issued a restricted driving permit to the plaintiff for a period of six months. On March 1, 1984, the trial court entered an order clarifying its order of January 23, 1984, and granted the plaintiff full driving privileges. The Secretary of State appealed from that order and in a Rule 23 (87 Ill. 2d R. 23), this court reversed and remanded directing the trial court to vacate the judgment entered on March 1, 1984. (*Koesterer v. Edgar* (1985), 135 Ill. App. 3d 1167.) Subsequently, the trial court entered an order on September 9, 1985, ordering full reinstatement of the driving privileges to the plaintiff. The Secretary of State filed timely notice of

appeal from this order. The issue on appeal is whether the trial court erred in reversing the Secretary's decision to deny the plaintiff reinstatement of his license, *i.e.*, was the decision of the Secretary of State against the manifest weight of the evidence.

Both parties cite *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085. As stated in *Murdy*:

> "The Administrative Review Act provides that the findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. (Ill. Rev. Stat. 1981, ch. 110, par. 274.) This statute has been construed to mean that courts may not interfere with the discretionary authority vested in administrative bodies unless that authority is exercised in an arbitrary or capricious manner [citation] or the administrative decision is against the manifest weight of the evidence [citations]. Thus, a reviewing court is not to reweigh the evidence or make an independent determination of the facts. Rather, its sole function is to ascertain whether the findings of the administrative agency are contrary to the manifest weight of the evidence." 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088.

A review of *Murdy* and a review of the evidence presented in this case makes it apparent that the decision of the Secretary of State was against the manifest weight of the evidence. The defendant's driving record shows two offenses, illegal transportation of alcoholic liquor, December 28, 1978, and driving while under the influence of intoxicating liquor, February 22, 1981. During the time the plaintiff had a restricted driving permit, May 19, 1981, to March 18, 1982, he did not violate the permit in any way. The only evidence other than the driving record introduced by the Secretary of State was the evaluation report. It shows that the plaintiff does not have a current alcohol or drug problem which is identified, that he has not had a drink of alcohol since June 1982, that the plaintiff was willing to follow treatment recommendations, past and present of which there were none recommended by the evaluator, the only recommendation or evaluation made by the evaluator being based upon information presented by the student and included in the evaluation report. The team leader and certified alcoholism counselor who prepared the report made a recommendation that stated: "Based upon information presented by student the diagnostic impression is alcohol abuse unspecified utilizing DSM-III criteria." There are no objective findings made and no rationale shown for the recommendation. The Secretary argues that the alcohol evaluation was "inconclusive," that Title 92, section 1001.440, of the Illinois Administrative Code provides that the evaluation contain:

"[A]t least a report of objective testing of the applicant, a history of the applicant's use of alcohol, the present status of applicant's relationship to alcohol, periods of abstinence, prognosis, and recommendation for treatment if needed, and the credentials of the evaluator." (92 Ill. Admin. Code, ch. II, sec. 1001.440(a)(3) (1983); 7 Ill. Reg. 7501, 7528 (1983).)

In the instant case, the plaintiff did this and was evaluated by a Secretary of State approved agency.

The plaintiff testified that he underwent the evaluation as shown by exhibit No. 4, that he attended the sessions, that he cooperated with the program coordinator, that he understands that drinking and driving are a danger to the citizens of the State of Illinois, that he has quit drinking, that his intentions are to refrain from drinking if he is granted a driver's license, and that regardless of the decision of the Secretary of State to grant a reinstatement of his driving privileges, he would plan to continue to refrain from drinking.

The record shows the AL-LIRT program has the approval of the office of Secretary of State. Secretary of State exhibit No. 4 is useless. Hopefully, neither the Secretary of State nor the plaintiff had to pay for this evaluation which consists only of the plaintiff's own statements, and a one-sentence, nondescript evaluation by the counselor.

The Secretary of State cites *Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 475 N.E.2d 956, in arguing that the evaluation report was not sufficient to authorize the Secretary of State to make a determination in the issuance of a driving permit. There are several differences in *Sheldon* and the instant case. In *Sheldon,* the applicant refused to comply with the Secretary of State's request to submit to an alcohol evaluation as well as to enroll in the alcohol-related remedial course. In the instant case, it indicates that the applicant did participate in a Secretary of State approved program and a report was filed. It does not appear that the applicant in this case refused to do anything requested by the Secretary of State in order to be restored to his driving privileges. It doesn't strike a sense of fairness to say that the plaintiff should be penalized because of the submission, by the Secretary of State, of evidence of an agency-approved useless report. Additionally, in *Shelton* the applicant's driving record showed that he had been convicted for a third time for driving while under the influence of intoxicating liquor. As the appellate court stated in *Sheldon*:

"[O]ur sole function here is to ascertain whether the final decision of the administrative agency is just and reasonable in light of the evidence presented." *Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 491, 475 N.E.2d 956, 957.

■ The reviewing courts of Illinois have shown a keen awareness for the problems caused by alcohol- and drug-related driving. *Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 475 N.E.2d 956; *People v. Ziltz* (1983), 98 Ill. 2d 38, 455 N.E.2d 70.) Strict enforcement of the laws of the State of Illinois still requires that the findings of the Secretary of State must rest upon competent evidence and be supported by substantial proof. *Menning v. Department of Registration & Education* (1958), 14 Ill. 2d 553, 153 N.E.2d 52.

■ The plaintiff has sustained his burden. His testimony concerning nonuse of alcoholic beverages, his past driving record, his driving record while having a restricted driving permit, the testimony of the witnesses presented upon his behalf and the failure of the Secretary of State to show present evidence which would justify denial of the application for reinstatement is against the manifest weight of the evidence.

Affirmed.

MORTHLAND and SPITZ, JJ., concur.