GUY CRAIG, JR., Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—87—0335

Opinion filed February 3, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for appellant.

David K. Harris and Kevin F. Harris, both of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The Secretary of State (Secretary) appeals an order of the circuit court reversing its decision to deny plaintiff a restricted driving permit (RDP). The Secretary argues that its decision was supported by the manifest weight of the evidence.

We affirm.

The facts are well known to the parties and will be repeated here only as necessary to an understanding of our determination. Plaintiff was arrested in 1984 for driving under the influence of alcohol (DUI) in Indiana. Subsequently, he was convicted of a driving under the influence offense in Indiana and his driving privileges in Illinois were revoked. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206(a).) Plaintiff had previously been convicted of a DUI offense in 1981.

Plaintiff sought restoration of his driving privileges or an RDP. On October 1, 1986, at a hearing, plaintiff testified that he was employed as an operator of machinery and was a member of a union which worked in an area covering several counties in Illinois and several counties in Indiana. He worked only 46 days in 1986 and had to turn down employment as a result of not having driving privileges. He needed a license to drive to work. Other means of transportation were not available, and public transportation was not an available option for plaintiff's type of work.

Plaintiff stated that he had stopped drinking totally approximately a year prior to the hearing. Prior to stopping drinking, he had consumed three to four beers per month. At a prior hearing in April 1986, plaintiff had testified that he quit drinking four months prior to the hearing. Plaintiff could not remember how many drinks he had consumed prior to his 1984 arrest although, at the time of the arrest and at a prior hearing, he had stated that he could have consumed three, four, or five beers. Plaintiff admitted that in 1973 through 1974, during his marriage, he had consumed large quantities of alcohol. In 1973, he quit drinking to save his marriage. He started drinking 2½ years later, after the marriage ended in a divorce.

Plaintiff submitted an alcohol evaluation summary. The report indicated that plaintiff was a nonproblematic drinker who was not in need of alcohol counseling or any treatment. A prior evaluation had indicated the same result. The evaluation was based upon a test and plaintiff's statements. Plaintiff submitted several letters from persons attesting that he had stopped drinking. Plaintiff's daughter testified

that she had last seen him drink two to three beers on December 31, 1985.

The hearing officer was not able to determine the nature or extent of any problem which plaintiff currently had with alcohol consumption. She questioned his believability because of a difference between his testimony at an earlier hearing and his testimony at the instant hearing, concerning the length of his abstinence and number of drinks consumed prior to his 1984 arrest. She also questioned the believability of his witness. Therefore, she rejected the alcohol assessments, concluding they were suspect. She denied plaintiff's request for an RDP, although she found that plaintiff had established hardship. The Secretary adopted the hearing officer's findings.

Plaintiff appealed to the circuit court, which reversed, finding that the Secretary's decision was contrary to the manifest weight of the evidence.

■■ The findings and conclusions of an administrative agency on questions of fact are considered *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) A court may not interfere with the discretionary authority vested in an administrative body unless that authority is exercised in an arbitrary manner or the decision is against the manifest weight of the evidence. A reviewing court may not reweigh the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) The Secretary's decision is contrary to the manifest weight of the evidence when no rational trier of fact, viewing the evidence in a light most favorable to the Secretary, could agree with the Secretary's decision. (*Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 1094, 492 N.E.2d 929, 933-34.) The evidence in the instant case indicated that the alcohol evaluation reports stated plaintiff did not have an alcohol dependency problem and was a nonproblematic user of alcohol. He had not driven at all during the time his driving privileges were revoked. He had abstained from alcohol for approximately a year prior to the hearing. This statement was supported by letters and by the testimony of his witness. Additionally, plaintiff testified that his use of alcohol prior to abstaining was minimal. The hearing officer could not assess whether plaintiff was currently any risk to the public. She stated that it was impossible to determine the nature of his current use or abuse of alcohol.

■ We note that the testimony presented at the current hearing and that presented at the prior hearing were not necessarily inconsistent. Plaintiff's testimony was that he had abstained for approximately one year. Second, the hearing officer rejected plaintiff's witness testimony. Plaintiff's witness testified that the last time she had

seen her father consume alcohol was on December 31, 1985. The hearing officer stated that the last time plaintiff's daughter had seen him consume alcohol was December 31, 1986. When the error is eliminated, the testimony is consistent. The Secretary's rules require alcohol evaluations in conjunction with petitions for reinstatement of driving privileges. The Secretary's accredited evaluations, incurred at the expense of the plaintiff, should not be ignored. The hearing officer should have considered the alcohol evaluations.

The Secretary of State's decision was contrary to the manifest weight of the evidence. *Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 498 N.E.2d 295; *Koesterer v. Edgar* (1986), 143 Ill. App. 3d 832, 493 N.E.2d 702.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ and LUND, JJ., concur.