FLOYD E. BERRY, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District No. 4—89—0104

Opinion filed December 7, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellant.

Manion, Janov, & Devens, Ltd., of Danville (Nancy S. Samaras, of counsel), for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Floyd E. Berry filed an action in the circuit court of Sangamon County for administrative review of the decision of defendant Jim Edgar, Secretary of State for Illinois (Secretary), denying his petition for reinstatement of full driving privileges or, in the alternative, a restrictive driving permit (RDP). The circuit court reversed the decision of the Secretary, and the Secretary brings this appeal. At issue is whether the Secretary's denial of plaintiff's petition was against the manifest weight of the evidence and contrary to current law.

The record shows plaintiff's driver's license and driving privileges were revoked on October 11, 1985, pursuant to section 6—205(a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(a)(2)) for an August 21, 1985, conviction of driving while under the influence of alcohol (DUI). Pursuant to section 2—118 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118), plaintiff requested a formal hearing before the Secretary of State for the purpose of seeking full reinstatement of his driving privileges or, in the alternative, an RDP. A formal hearing was held on June 12, 1987.

At the hearing, the Secretary introduced evidence of plaintiff's driving-related arrests and convictions. Plaintiff was arrested on October 30, 1982, for DUI but pleaded guilty to the offense of reckless driving. Plaintiff was again arrested for DUI on April 20, 1985, and pleaded guilty to the offense on August 21, 1985. Plaintiff's additional convictions were for speeding and disregarding a traffic control light. The Secretary also entered into evidence the transcript, evidence, and findings of plaintiff's previous formal hearing held January 14, 1987. At this hearing, the Secretary had also denied plaintiff's petition for reinstatement of driving privileges or an RDP.

Plaintiff testified he was 49 years old, divorced, and living in Hoopeston, Illinois. Plaintiff is employed by Food Machinery Incorporated, working the seven to three shift. His home is one mile from work. He commutes back and forth by bicycle. However, this irritates his arthritis.

Plaintiff testified he has abstained from alcohol since January 4, 1987. Prior to this abstention, plaintiff claimed he drank very rarely. Plaintiff testified to a previous period of abstention from 1979 to 1985. On the two single occasions plaintiff broke his abstinence during this period, he was arrested for DUI. Plaintiff cited his alcohol consumption as a contributing factor in the break-up of his marriage, but he did not believe his use was problematic. Plaintiff agreed with his alcohol evaluation classification as a level I, non-problematic user (see 92 Ill. Adm. Code §1001.410, at 3518 (Supp. 1988)), and stated he had never really had a major problem with drinking.

In denying plaintiff's petition, the hearing officer found plaintiff failed to provide sufficient evidence his alcohol problem had been resolved and that he would be a safe driver who would not endanger the public safety or welfare. In making this finding, the hearing officer found the evidence concerning plaintiff's use of alcohol unclear, contradictory, and incredible. On review, the circuit court reversed the Secretary's ruling denying plaintiff's petition. The circuit court found the ruling to be against the manifest weight of the evidence and contrary to the holding of *Craig v. Edgar* (1988), 165 Ill. App. 3d 270, 519 N.E.2d 112. On appeal, we reverse the decision of the circuit court.

■ The Code grants the authority to the Secretary to reinstate driving privileges or to issue RDP's. (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—206, 6—208.) A review of the Code makes it clear once driving privileges are revoked, the restoration of such privileges is not automatic. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) Pursuant to section 6—208(b), the Secretary shall not reinstate full driving privileges until satisfied the granting of the privilege will not endanger public safety or welfare. The same is required for the issuance of a RDP; however, there the petitioner must also demonstrate hardship. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(c)(3).) It is the burden of the petitioner to establish such entitlement by clear and convincing evidence. *Caracci v. Edgar* (1987), 160 Ill. App. 3d 892, 513 N.E.2d 932.

■ In determining plaintiff did not meet his burden, the hearing officer was justified in finding plaintiff's testimony was not credible. The hearing officer found plaintiff's allegations regarding his six-year abstinence and intervening alcohol-related arrests to be unbelievable. No witnesses testified to corroborate plaintiff's allegations. The letters written on plaintiff's behalf dwelled on his good character, but did not mention his abstinence. From plaintiff's testimony, the hearing officer also suspected a more severe alcohol problem. Plaintiff

stated he has never really had a problem with alcohol. He cited his previous consumption of alcohol was generally three beers twice a month while watching sports on television. This is in contrast to a greater consumption reported in plaintiff's alcohol evaluation report and previous formal hearing testimony. A letter from plaintiff's supervisor reports plaintiff's attendance at work has "improved dramatically" over the last six months. This is the same period of time plaintiff alleged his most recent abstinence from alcohol. Furthermore, plaintiff testified alcohol was a contributing factor in the breakup of his marriage. His alleged six-year period of abstinence was an effort to save his marriage. Plaintiff could not explain why he chose to return to drinking, thereby jeopardizing a marriage he was trying to save. The hearing officer observed the demeanor of plaintiff to be vague and unpersuasive.

■ Section 3—110 of the Administrative Review Law provides "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) This statute has been construed to mean courts may not interfere with the discretionary authority vested in administrative bodies unless that authority is exercised in an arbitrary or capricious manner or the administrative decision is against the manifest weight of the evidence. (*Murdy*, 103 Ill. 2d 384, 469 N.E.2d 1085.) Consequently, a court of review is not to reweigh the evidence or make an independent determination of the facts. Rather, the reviewing court's sole function is to ascertain whether the final decision of the administrative agency is just and reasonable in light of the evidence presented. (*Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 475 N.E.2d 956.) If there is anything in the record which fairly supports the action of the agency, the decision is not against the manifest weight of the evidence and must be sustained upon judicial review. *Sheldon*, 131 Ill. App. 3d at 494, 475 N.E.2d at 959.

■ An administrative agency's decision is not contrary to the manifest weight of the evidence merely because this court might have decided this case differently in the first instance. (*Collura v. Board of Police Commissioners* (1985), 135 Ill. App. 3d 827, 482 N.E.2d 143.) Moreover, if the issue before the reviewing court is merely one of conflicting testimony and credibility of witnesses, the administrative agency's decision should be sustained. (*O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 456 N.E.2d 998.) We do not find the Secretary's decision to be against the manifest weight of the evidence.

The circuit court order reversing the Secretary's decision stated the ruling was contrary to the holding of *Craig v. Edgar* (1988), 165 Ill. App. 3d 270, 519 N.E.2d 112. In *Craig,* this court affirmed the circuit court's reversal of the Secretary's decision denying an RDP. Unlike the case at bar, Craig's driver's license was a necessity for employment as an operator of machinery. Though denying Craig's request, the hearing officer found sufficient evidence of hardship. Craig testified he stopped drinking approximately one year prior to the hearing. This was corroborated by letters and a witness. His alcohol evaluation summary indicated he was a non-problematic drinker. In *Craig,* this court stated the required alcohol evaluation, incurred at the expense of the petitioner, should not be ignored in determining whether to reinstate driving privileges. *Craig,* 165 Ill. App. 3d at 273, 519 N.E. 2d at 114.

■ Pursuant to the Secretary's rule-making power (see Ill. Rev. Stat. 1983, ch. 95½, par. 2—104), section 1001.440 of the Secretary's rules provides that in all applications for reinstatement or RDPs, applicants must submit an alcohol or drug evaluation. (92 Ill. Adm. Code §1001.440, at 3520-23 (Supp. 1988).) It is still our opinion the required alcohol evaluation, incurred at the expense of the petitioner, should not be ignored in determining whether to reinstate driving privileges. However, the evaluation is not the sole factor to be considered. See 92 Ill. Adm. Code §§1001.430(b), 1001.440(d), at 3520, 3522 (Supp. 1988).

■ Plaintiff is suggesting a favorable alcohol evaluation commands restoration of driving privileges. This is not the case. To do so would make the requirement of a formal hearing worthless, and the discretion to be exercised by the Secretary nothing more than a mere rubber stamp. It is the Secretary's role to determine whether the reissuance of plaintiff's driving privileges will endanger the public safety and welfare. Such a determination cannot be replaced by an evaluation which by itself does not even address this issue. Rather, a determination must be made from all the evidence presented. Here, the Secretary did not ignore plaintiff's alcohol evaluation, but appropriately considered the totality of the evidence in making its determination.

Reversed; Secretary's order affirmed and reinstated.

GREEN and McCULLOUGH, JJ., concur.