THIRD DIVISION

December 24, 2003

No. 1-02-2939

RYAN D. GUMMA,   ) Appeal from the 

   )
 Circuit Court of 

Plaintiff-Appellee,
   )
 Cook County.

v.
   ) 

   )

JESSE WHITE, SECRETARY OF STATE,   )
 Honorable

STATE OF ILLINOIS,
   ) Nancy J. Arnold, 

   ) Judge Presiding.

Defendant-Appellant. 
   )

  
 

JUSTICE SOUTH delivered the opinion of the court:

This appeal by defendant, Jesse White, the Secretary of State of Illinois (Secretary), arises from an order of the circuit court of Cook County reversing a final administrative decision to suspend plaintiff Ryan Gumma's driver's license for violation of the "zero tolerance" law.

The relevant facts are as follows: On September 22, 2000, Barrington police officer Scott Basel arrested the 20-year-old plaintiff after observing his vehicle go over a curb and his failure to stop at two stop signs.  According to Officer Basel's report, which was admitted into evidence in lieu of his testimony, as he stood at the driver's side window, he detected an odor of alcohol as plaintiff spoke.  He also noted that plaintiff performed "poorly on field sobriety tests."  Officer Basel subsequently transported plaintiff and his passenger to the Barrington police station where he was administered a Breathalyzer test, which showed that he had a blood-alcohol concentration of .099.  Plaintiff was ticketed for disobeying a stop sign and consumption of alcohol by a minor.   

The Secretary issued plaintiff a notice that his driver's license would be suspended for a minimum of three months under section 11-501.8 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501.8 (West 2000)) because he had submitted to testing which showed a blood-alcohol concentration greater than 0.00.  Plaintiff's license
 was suspended on November 7, 2000, and he was given a written notice of that suspension.  Thereafter, plaintiff filed a petition with the Secretary 
to rescind the suspension of his license, challenging the "zero tolerance" suspension.  The petition alleged that the sample taken from plaintiff's blood concentration did not indicate a blood-alcohol level of more than 0.00.

A hearing was conducted by the Secretary on August 29, 2001.  Plaintiff introduced as an exhibit an order of the circuit court from the underlying driving under the influence (DUI) criminal charge.   In that matter, 
People of the Village of Barrington v. Gumma
, Y9-128-143, LO-937-576, 
the circuit court dismissed both charges and held 
that the Village of Barrington did not comply with section 510.100 of the Illinois Administrative Code (77 Ill. Adm. Code, §510.100 (2000)) because Officer Basel failed to keep appropriate records and, therefore, as a matter of law, the blood-alcohol test results were inadmissible in that or any other proceeding against plaintiff, 
including the statutory summary suspension hearing before the Secretary of State.  

Plaintiff also testified at the hearing: On September 21, 2000, at approximately 7 or 8 p.m., he left his home in Barrington to attend a social gathering.  To his knowledge, no one was drinking alcohol at this gathering, and he did not see any beer on the premises.  He left the gathering at approximately midnight with Mike Barrett, whom he planned to give a ride home.  Barrett appeared to be intoxicated, and plaintiff smelled alcohol on his breath.   Shortly thereafter,  a police officer pulled him over.  Plaintiff admitted to driving over a curb and disobeying two stop signs.  The officer approached his vehicle and stood within 12 inches of him.  Plaintiff displayed  his driver's license and insurance card.  Another officer approached the passenger side, and both plaintiff and Barrett were asked to exit the vehicle.  One of the officers placed Barrett under arrest because of an outstanding warrant.   The other officer informed plaintiff that he was being arrested for underage consumption of alcohol because an odor of alcohol had been detected on his breath.   Plaintiff told the officer that he had not been drinking.  Plaintiff further testified that the police officer never conducted any field sobriety tests
, although he was given a Breathalyzer test, which registered a blood-alcohol concentration of .099.  Plaintiff testified that irrespective of the results of the Breathalyzer test, he had not been drinking that evening. 

Plaintiff also introduced as an exhibit his discovery request to the Village of Barrington in the DUI proceeding, as well as the documents produced by the village in response to that request.  Those documents consisted of copies of the two tickets issued to plaintiff, the Breathalyzer tape from plaintiff's test and Officer Basel's license as a breath analyzer operator.  Plaintiff also introduced a copy of a record showing that the charges against him in the DUI proceeding had been dismissed.
  

Officer Basel's sworn report, his sworn statement as the breath test operator, and the written zero-tolerance warning that was issued to plaintiff were introduced into evidence under section 11-501.8(e) of the Code.  625 ILCS 5/11-501.8(e) (West 2000).  In his sworn statement, Officer Basel stated that he had been licensed as an operator of a breath analysis instrument by the Illinois Department of Public Health since February of 1998; that he administered a breath test to plaintiff on September 22, 2000, and followed the operational procedure prescribed by the manufacturer of the instrument and the standards and procedures for testing for alcohol and/or other drugs as issued by the Illinois Department of Public Health; that he observed plaintiff for 20 minutes prior to administering the test; that at no time during that 20-minute period did plaintiff smoke, regurgitate, drink or ingest any substance; and that the instrument used to administer the test was operating correctly and was recently tested and certified as accurate by an Illinois State Police official on July 13, 2001, pursuant to Illinois Department of Public Health standards.  The sworn statement also indicated that the test results revealed that plaintiff had a blood-alcohol concentration level of .099.  Finally, the handwritten words "Unable to locate record" appear under a preprinted statement in paragraph eight of the sworn statement that a written record of the test was made in the log book for the instrument in question. 

The hearing officer issued findings and recommendations which the Secretary adopted in his final administrative order dated October 16, 2001.  Those findings were that Officer Basel had probable cause to believe that plaintiff had consumed alcohol on the night in question in that he detected an odor of alcohol when the plaintiff spoke and observed that he performed poorly on the field sobriety tests.  The hearing officer further found that the officer requested that plaintiff submit to a chemical test in order to determine the alcohol content in his blood, and that such testing disclosed an alcohol concentration of .099.  

In reviewing plaintiff's evidence, the hearing officer noted that although the charges and the results of the Breathalyzer had been thrown out in the underlying criminal case due to the arresting agency's failure to keep or produce certain records with respect to the authenticity of the reading, the hearing officer and the Secretary were not bound by that order because the court does not have jurisdiction over a zero-tolerance suspension hearing conducted pursuant to section 2-118 of the Code (
625 ILCS 5/2-118 (West 2000))
.  The hearing officer noted that plaintiff's exhibits also included a breath tape reading indicating that the sample test reading was .00, and that the subject test read .099.  The hearing officer also found that while plaintiff's counsel had filed a discovery motion in the underlying criminal case and was never furnished with all of  the documents for whatever reason, he had failed to use the subpoena powers available to him pursuant to the Secretary of State's rules under either the Administrative Code or the Vehicle Code to secure those documents for the administrative proceeding.  Based upon a preponderance of the evidence, the hearing officer concluded that the petition to rescind the suspension of plaintiff's driver's license was without merit and should be denied, and the Secretary of State adopted those findings and that conclusion. 

Plaintiff filed a complaint for administrative review of the Secretary's decision denying his petition to rescind the summary suspension in the circuit court of Cook County.   In a memorandum opinion and order reversing the Secretary's decision, the circuit court held that the Breathalyzer results could not be considered because the State failed to demonstrate that the Breathalyzer machine had been properly tested in accordance with the Illinois Department of Public Health regulations inasmuch as the log book for that machine was never located.   The court also found the other evidence was insufficient to support the conclusion that plaintiff had consumed alcohol on the night in question, and that Officer Basel's statement that he detected an odor of alcohol was insufficient because he never stated that the odor emanated from plaintiff.  Moreover, the court found that the statement on the sworn report that plaintiff performed poorly on the field sobriety tests was insufficient because it lacked specificity.  The court concluded that the Secretary's findings were against the manifest weight of the evidence because the officer's sworn report was "devoid of factual content."  

Issues Raised on Review

On appeal, the Secretary contends that he was not bound by an order entered in the DUI

case against plaintiff which barred the use of evidence concerning his blood-alcohol concentration when the Secretary was not a party in that case.
  The Secretary also contends that his determination that plaintiff failed to establish a 
prima facie
 case for rescission of his driver's license for violating the "zero tolerance" provision of the Illinois Vehicle Code was not against the manifest weight of the evidence. 

Plaintiff responds that the failure to abide by the rules and regulations of the Illinois Department of Public Health as well as statutory requirements for a chemical analysis of a person's blood, urine, or breath invalidates the test results and renders them inadmissible.  Plaintiff also contends that the Secretary's reliance on inadmissible evidence and the police officer's sworn report in denying his petition for rescission was against the manifest weight of the evidence in light of the uncontroverted testimony that he was never administered field sobriety tests or  consumed any alcoholic beverages prior to being stopped.  

Standard of Review

The Illinois Vehicle Code provides that the action of the Secretary in revoking a driver's license is a final administrative action subject to judicial review in the circuit court of Cook  County.  625 ILCS 5/2-118(e) (West 1992).   The findings and conclusions of an administrative agency on questions of fact are considered 
prima facie
 true and correct, and a reviewing court may not interfere with the administrative agency's discretionary authority unless it is exercised in an arbitrary or capricious manner (
Schultz v. Edgar
, 170 Ill. App. 3d 36, 38 (1988)), or the administrative decision is against the manifest weight of the evidence (
Murdy v. Edgar
, 103 Ill. 2d 384, 391 (1984)).  The findings of the administrative agency, however, must rest upon competent evidence and be supported by substantial proof, and an agency may not consider a matter that is not in the record.  
Rigney v. Edgar
, 135 Ill. App. 3d 893
, 899 (1985).  Upon administrative review, the function of both the trial court and the appellate court is limited to determining whether the findings and conclusions of the administrative agency are against the manifest weight of the evidence.  
Rigney
, 135 Ill. App. 3d at
 898.  The reviewing court's sole function is to ascertain whether the final decision of the administrative agency is just and reasonable in light of the evidence presented.  
Berry v. Edgar
, 192 Ill. App. 3d 455, 459 (1989).  If there is anything in the record that fairly supports the action of the agency, the decision is not against the manifest weight of the evidence and must be sustained upon judicial review.  
Berry
, 192 Ill. App. 3d at 459.  

An administrative agency's decision is not contrary to the manifest weight of the evidence merely because this court might have decided this case differently in the first instance.  
Berry
, 192 Ill. App. 3d at 459.  Moreover, if the issue before the reviewing court is merely one of conflicting testimony and credibility of witnesses, the administrative agency's decision should be sustained.  
Berry
, 192 Ill. App. 3d at 459.  
 

Analysis

The Secretary first contends that he was not bound by an order entered in the underlying DUI case which barred evidence of plaintiff's blood-alcohol concentration when the Secretary was not a party to that proceeding. 

The circuit court's order barring the use of evidence concerning plaintiff's blood-alcohol concentration in any proceeding including any statutory summary suspension proceeding before the Secretary of State was tantamount to an exclusion based on the doctrine of collateral estoppel.  Collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit and applies to criminal as well as civil cases.  
People v. Hackman
, 209 Ill. App. 3d 779, 781 (1991).  The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction.  
Housing Authority v. Young Men's Christian Association
, 101 Ill. 2d 246, 252 (1984).  Although this precise issue has never been addressed in this state, the converse has previously been decided by our supreme court in 
People v. Moore
, 138 Ill. 2d 162, 166 (1990), which concluded that the results of a statutory summary suspension hearing cannot act as a bar to litigating the same issues in the criminal DUI proceeding.  In that case defendant was arrested for DUI and immediately served with notice of the statutory summary suspension of his driving privileges.  Subsequently, he filed a request for a hearing in the circuit court to rescind the statutory summary suspension.  At the conclusion of the hearing, the court held that the arresting officer did not have probable cause to stop defendant solely because he had made two wide turns onto unmarked streets.  The court also precluded the admission of the police report to establish the results of defendant's breath test.  At the subsequent criminal proceeding on the DUI charge, defendant filed a motion to suppress, arguing that the issue of probable cause had already been litigated and resolved in his favor at the statutory summary suspension hearing, and that, therefore, the State was precluded from offering any evidence which was obtained after and pursuant to the traffic stop.  The circuit court agreed and granted the motion to suppress, finding that collateral estoppel did apply, and that it had already been determined that the arresting officer lacked probable cause to arrest defendant.

On appeal, our supreme court reversed and remanded and
 reasoned that because the legislature has specifically directed that the license suspension proceedings are to be swift for the sole purpose of determining whether a court has sufficient reason to rescind the summary suspension of a motorist's driving privileges and is of limited scope, such purpose would be thwarted and rendered meaningless if those proceedings were given preclusive effect.  The court went on to say:

"Given even the possibility that the results of a summary suspension hearing would act as collateral estoppel, the State would find it necessary to treat the suspension hearing as an integral part of the criminal trial rather than merely an administrative device at the disposal of the defendant in which the defendant can halt the otherwise automatic suspension of his driving privileges.  
The process would seldom, if ever, be swift
.  Law enforcement officers would be required to testify regardless of whether the defendant subpoenaed them.  The State would also be required to present witnesses to establish that defendant was in fact driving and was doing so while impaired, and experts will often be required to testify concerning the accuracy of the various chemical testing devices.   (Emphasis added.)  
People v. Moore
, 138 Ill. 2d at 169-70.

         That reasoning has also been adopted by 
this court in 
Hackman
, 209 Ill. App. 3d at 783
, and 
People v. Flynn
 197 Ill. App. 3d 13, 17 (1990)
, which held that because of the difference in the nature of the proceedings (a statutory summary suspension hearing versus a DUI criminal proceeding) when the results of a Breathalyzer test have been found inadmissible at a summary suspension hearing, the doctrine of collateral estoppel does not apply to preclude the State from litigating the validity of the Breathalyzer test at a subsequent criminal trial of a person for DUI
.  

The situation we have in the instant case is different, however, than those in 
Moore
, 
Hackman
 and 
Flynn.
    In those cases, the statutory summary suspension hearings occurred prior to the underlying criminal trial, whereas here the summary suspension hearing occurred after the criminal trial on the DUI charge.  Therefore, the sole rationale for the holding in 
Moore
, 
i.e
., the goal of conducting swift hearings and expediting the process, does not apply here.   For whatever reason, the DUI trial occurred prior to the statutory summary suspension hearing.  Once the hearing to rescind the suspension of plaintiff's driving privileges took place, the need for a swift and expeditious proceeding did not exist.  For that reason, we hold that the doctrine of collateral estoppel applied, precluding the introduction of the Breathalyzer test results.  While the causes of action were different, there was a  controlling fact or question which was material to the determination of both causes.  In the criminal trial, the issue was whether plaintiff violated the zero-tolerance law and, if so, whether he should be fined and placed on a period of conditional discharge, probation or confinement in jail for a period of up to 364 days, and in the statutory summary suspension hearing the issue was whether his driving privileges should be suspended for a period of three months.  The controlling fact or question material to the determination of both causes, however, was whether plaintiff's blood-alcohol concentration was greater than 0.00.  Furthermore, contrary to the Secretary's argument on this appeal that he was not a party to the DUI proceeding and, therefore, not bound by the court's order, we find that the State was, in fact, a party which participated in both proceedings.  At the DUI trial, the State was represented by the State's Attorney's office, and at the statutory summary suspension hearing the State was represented by the Secretary.  Consequently, we find that all of the elements necessary for the application of collateral estoppel existed at the time of the statutory summary suspension hearing, that the Secretary was bound by the determination of the circuit court with respect to the results of the Breathalyzer test, and was thereby precluded by that determination from using the results of the Breathalyzer test.

Having found that the hearing officer was bound by the decision of the circuit court to exclude the results of the Breathalyzer test and should not have been admitted into evidence at the statutory summary suspension hearing, we must now determine whether anything remains which would support the suspension of the plaintiff's driver's license. 

On appeal from a circuit court's judgment, the appellate court will review the administrative agency's decision and not that of the circuit court.  
Lehmann v. Department of Children & Family Services
, 342 Ill. App. 3d 1069, 1071, 796 N.E.2d 1165, 1167 (2003).  

The Illinois Vehicle Code provides for the automatic suspension of the driver's license of a

person under the age of 21 after an arrest on any traffic violation when the officer has probable cause to believe that the person has consumed alcohol and upon receipt of his official sworn report that the person either refused to take a breath test or other chemical analysis or took the test with a reading over 0.00 blood-alcohol concentration.  625 ILCS 5/11-501.8 (West 2000).  After receiving notice of the suspension, the driver may request a hearing before the Secretary of State. 625 ILCS 5/11-501.8(e), 2-118
 (West 2000)
.  The hearing may be conducted on the officer's official reports, and the driver may subpoena the officer.  625 ILCS 5/11-501.8(e) (West 2000).   

Section 11-501.8 establishes a road map for the zero-tolerance suspension of a driver's license held by a person under the age of 21.
  Once a police officer has probable cause to believe that a driver has consumed any amount of alcohol, he requests that driver to submit to chemical testing for the presence of alcohol in the driver's blood.  When that request is made, there are one of two ways suspension of a driver's license may occur: either the driver refuses to take the chemical test, or the driver submits, and the test reveals the presence of alcohol.  See 625 ILCS
 5/11-501-8(a), (c), (d) (West 2000).

In the instant case, while Officer Basel may have had probable cause to request that plaintiff submit to the chemical test, the State's proof ends there.  The plaintiff did not refuse to submit to the test but, in fact, took it.  However, inasmuch as the results of that chemical test are barred by the doctrine of collateral estoppel, the hearing officer is left with no basis to uphold the suspension.  See 625 ILCS
 5/11-501.8(e) (West 2000).

Accordingly, the judgment of the circuit court which reversed the final administrative decision to suspend plaintiff's driver's license is affirmed.

Affirmed.

HOFFMAN, P.J., and WOLFSON, J., concur.