FIRST DIVISION

June 30, 2005

No. 1-03-1726

JAMES T. HORVATH,

Plaintiff-Appellant,

v.

JESSE WHITE, Secretary of State of Illinois and TONY JONES, Hearing Officer, Department of Administrative Hearings,

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court 

of Cook County.

No. 02 CH 8673

Honorable 

Richard J. Billik, Jr.,

Judge Presiding.

JUSTICE O'MALLEY delivered the opinion of the court: 

Plaintiff, James T. Horvath, appeals the judgment of the circuit court of Cook County upholding the Illinois Secretary of State's (the Secretary) order suspending his license pursuant to recommendations and findings issued by hearing officer Tony Jones (hearing officer).  Plaintiff claims that: (1) section 6-206(a)(10) of the Illinois Vehicle Code (the Code) (625 ILCS 5/6-206(a)(10) (West 2000)) violates due process under the Illinois and United States Constitutions; (2) the hearing officer's decision was based upon an unconstitutional presumption; (3)the hearing officer's decision was against the manifest weight of the evidence; and (4) the punishment under section 6-206(a)(10) violates the proportionate penalties clause of the Illinois Constitution.  

 BACKGROUND

On August 21, 2000, plaintiff, a 19-year-old student at the University of Iowa, was arrested by the Iowa City police for public intoxication.  Following his arrest, an Iowa City police officer searched plaintiff's wallet and found an Illinois State identification card belonging to Daniel Horvath.  Daniel Horvath, plaintiff's brother, was above the legal drinking age on August 21, 2000.  

Following the disposition of the public intoxication charges in Iowa, the Secretary was notified by the Iowa City police department that plaintiff was arrested for public intoxication and in possession of another's identification card showing a legal drinking age.  The Secretary thereafter issued a notice of suspension of plaintiff's driver's license pursuant to section 6-206 of the Code.  625 ILCS 5/6-206(a)(10) (West 2000).  Plaintiff filed a motion to rescind the suspension of his license or, alternatively, to have a hardship license issued during the period of his suspension.

In a written motion, plaintiff alleged that section 6-206(a)(10) of the Code was unconstitutional on its face and as applied to him in this case.  Plaintiff argued that the provision of the Code did not comport with principles of due process and that the punishment imposed violated the proportionate penalties clause of the Illinois Constitution.   

At the hearing, plaintiff testified that his brother, Daniel Horvath, came to visit and help him move into an apartment in Iowa City on the weekend prior to Monday, August 21, 2000.  Plaintiff testified that his brother slept on the couch on Saturday, August 19, 2000, and left early Sunday morning to return home.  He further testified that he received a call from his brother advising him that his identification card was missing.  Plaintiff testified that he searched the couch where his brother had slept and found the identification card under a cushion.  Plaintiff testified that his brother instructed him to put the identification card in a safe place.  Plaintiff testified that he placed it in his wallet for safekeeping.  

Plaintiff stated that he neither received nor used the identification card belonging to his brother for purposes of gaining entrance to any bar or for the purpose of acquiring or consuming alcohol.  Plaintiff also testified that he never displayed the identification card to anyone.  Plaintiff admitted that he was intoxicated when arrested by the Iowa City police on August 21, 2000, however, he was not present at any bar that day or any day that he was in possession of the identification card.  Plaintiff testified that he had been drinking on the night of August 20, 2000; at a private party prior to his arrest during the early morning hours of August 21, 2000.  

Daniel testified on behalf of plaintiff at the hearing to rescind the suspension of plaintiff's driver's license.  Daniel testified to facts that were consistent with plaintiff's testimony.  Daniel also testified that he and plaintiff visited bars and drank alcohol while he was in Iowa City with plaintiff.  Daniel testified that he had both an Illinois driver's license and state identification card.  

Following the testimony and argument regarding the constitutionality of section 6-206(a)(10) of the Code, the hearing officer denied plaintiff's request and recommended that the Secretary suspend his license.  On January 22, 2002, the Secretary affirmed and adopted the hearing officer's recommendations, denied plaintiff's request for rescission or modification of the order of suspension issued on July 23, 2001, and denied his motion for an employment-restricted driving permit.  

Plaintiff subsequently filed a complaint for administrative review in the circuit court of Cook County.  In addition to the claims alleged in the administrative proceeding, plaintiff claimed that the Secretary's decision was against the manifest weight of the evidence.  The circuit court affirmed the order of the Secretary and held that the Secretary's decision was not against the manifest weight of the evidence, section 6-206(a)(10) of the Code was not unconstitutional on its face or as applied to plaintiff in this case and that plaintiff's claim that the punishment in this case violated the proportionate penalties clause lacked merit.  

For the reasons that follow, we affirm the judgment of the circuit court and the order of the Secretary.  

ANALYSIS

Section 6-206(a)(10) of the Code provides in pertinent part:

   "Discretionary authority to suspend or revoke license or permit; Right to a hearing.

   (a) The Secretary of State is authorized to suspend or revoke the driving privileges of any person without preliminary hearing upon a showing of the person's records or other sufficient evidence that the person:

* * *

   (10) Has possessed, displayed, or attempted to  fraudulently use any license, identification card, or permit not issued to the person[.]"  625 ILCS 6-206(a)(10) (West 2000).  

On appeal, plaintiff argues that the suspension of his driving privileges pursuant to section 6-206(a)(10) of the Code was unconstitutional.  Specifically, plaintiff alleges that section 6-206(a)(10) of the Code violates his right to due process and that it creates an unconstitutional presumption that plaintiff intended to use the card for purposes of obtaining alcohol by merely possessing it.  The constitutional provisions implicated are the due process clauses of the federal and state constitutions.  U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2.  However, the case before us does not involve procedural due process rights; rather, plaintiff contends that the statute violates due process because it is an unreasonable and arbitrary exercise of the State's police power.  
People v. Lindner
, 127 Ill. 2d 174, 179-80, 535 N.E.2d 829 (1989).

"All statutes are presumed to be constitutional.
  The party challenging the validity of a statute bears the burden of clearly establishing any constitutional invalidity."  
Brown's Furniture, Inc. v. Wagner
, 171 Ill. 2d 410, 419-20, 665 N.E.2d 795 (1996).  "This court must construe legislative enactments so as to affirm their constitutional validity if it is reasonably possible to do so. 
 We review 
de
 
novo
 the circuit court's decision with respect to the constitutionality of the Act."  
Brown's Furniture, Inc.
, 171 Ill. 2d at 420.  

Plaintiff contends, and we agree, that the due process clauses apply to the deprivation of a driver's license by the State.  
Bell v. Burson
, 402 U.S. 535, 539, 29 L. Ed. 2d 90, 94, 91 S.Ct. 1586, 1589 (1971);  
People v. Orth
, 124 Ill. 2d 326, 334,  530 N.E.2d 210 (1988).  However, a person's property interest in a driver's license, while important, is not fundamental in the constitutional sense.  See 
Orth
, 124 Ill. 2d at 335; 
Freed v. Ryan
, 301 Ill. App. 3d 952, 955, 704 N.E.2d 746 (1998).  Accordingly, the appropriate standard of review is the rational basis test.  
Lindner
, 127 Ill.2d at 179; 
Freed
, 301 Ill. App. 3d at 955.  

Under the rational-basis test, a statute must bear a reasonable relationship to the public interest intended to be protected and the means adopted must be a reasonable method of accomplishing the desired objective.  
Lindner
, 127 Ill. 2d at 180; 
People v. Adams
, 144 Ill. 2d 381, 390, 581 N.E.2d 637 (1991).
  When the rational-basis test is applied, a law will be upheld if there is any conceivable basis for doing so.  See 
People v. Hamm
, 149 Ill. 2d 201, 216, 595 N.E.2d 540 (1992), citing 
McGowan v. Maryland
, 366 U.S. 420, 426, 6 L. Ed. 2d 393, 399, 81 S.Ct. 1101, 1105 (1961).  Legislation may be based on rational speculation unsupported by admissible evidence or empirical data.  See 
Cutinello v. Whitley
, 161 Ill. 2d 409, 421-22, 641 N.E.2d 360 (1994).

Plaintiff claims that the section 6-206(a)(10) of the Code is unconstitutional as applied to this case and that the provision sweeps too broadly.  Relative to the latter challenge, plaintiff contends that section 6-206(a)(10) violates due process principles because it potentially punishes wholly innocent conduct by encompassing mere possession as well as fraudulent use of an identification card.  See 
People v. Wick
, 107 Ill. 2d 62, 66, 481 N.E.2d 676 (1985).  As to the former argument, plaintiff contends that the hearing officer applied section 6-206(a)(10) to this case unconstitutionally by presuming he intended to use the identification card fraudulently.

We begin our analysis of the statute by determining its purpose as intended by the legislature.  
Linder
, 127 Ill. 2d at 180; 
Freed
, 301 Ill. App. 3d at 955.  The primary public interest intended to be protected by the Code is the safe and legal operation and ownership of motor vehicles.  
Freed
, 301 Ill. App. 3d at 956.  A specific manifestation of this interest is the Illinois legislature's express declaration in the Code that drivers impaired by alcohol or drugs pose a threat to "public safety and welfare," and that the suspension of driving privileges represents an appropriate means to deter and remove such drivers from the roadways.  
Freed
, 301 Ill. App. 3d at 956; 625 ILCS 5/6-206.1 (West 2000).  Thus, it is illegal to drive while under the influence of alcohol.  625 ILCS 5/11-501 (West 2000).  In fact, as mentioned in 
Freed
, it is illegal for a driver to even transport alcohol in the passenger area of his or her car, unless the alcohol is in its original container with an unbroken seal.  
Freed
, 301 Ill. App. 3d at 956
; 625 ILCS 5/11-502 (West 2000).

"The Code evinces a heightened level of concern with such offenses when committed by persons under 21 years of age."  
Freed
, 301 Ill. App. 3d at 957.
  For example, the Code provides for and our supreme court has upheld the constitutionality of "zero tolerance laws" where the license of a person under 21 years of age
 who drives or is in actual physical control of a car may be suspended if that person has a breath or blood-alcohol concentration in excess of zero.  
Arvia v. Madigan
, 209 Ill. 2d  520, 535, 809 N.E.2d 88 (2004); 
625 ILCS 5/11-501.8 (West 2000). In contrast, a person not under 21 years of age is prohibited from operating a motor vehicle if his or her alcohol concentration is 0.08 or more based on the definition of blood and breath units as defined in the Code.  625 ILCS 5/11-501 (West 2000).  

Also, a person under 21 years of age transporting open liquor in the passenger area of an automobile, unlike an older driver, is subject to revocation or suspension of driving privileges for a first offense.  625 ILCS 5/11-502(f) (West 2000).  This concern explains why the licenses of persons under 21 years of age are legally required to be "of a distinct nature" from those of older drivers.  625 ILCS 5/6-110(e) (West 2000); see also 
Freed
, 301 Ill. App. 3d at 957.

The governmental goals of preventing drunken driving and driving by persons under 21 years old who have consumed any amount of alcohol are clearly legitimate.  
Freed
, 301 Ill. App. 3d at 957.  The statutory provision here that permits suspension of driving privileges is a legitimate means to deter and remove dangerous drivers from the highway and is, therefore, not irrational.  
Freed
, 301 Ill. App. 3d at 957.  The legislature clearly and rationally wishes to address and deter persons under 21 years old from driving after consuming alcohol.  
Freed
, 301 Ill. App. 3d at 957.  

Defendant, however, argues that because the statute does not require a culpable mental state for the mere possession of an identification card, it violates due process by potentially punishing innocent conduct.  Mere possession of an identification card of another, plaintiff contends, is not intended to be the target of the legislation.  
Wick
, 107 Ill. 2d at 66.  
We disagree.  The statute is reasonably related to its goal of preventing anyone from drinking and driving, especially, as in this case, drivers under the age of 21.  Without possessing an identification card reflecting a legal drinking age, an underage individual has no legitimate means of obtaining alcohol.  On the other hand, possession of such an identification card easily facilitates underage
 drinking and driving, the very danger the legislature seeks to prohibit, despite a lack of culpable intent in the provision.  See 
People v. Marin
 342 Ill. App. 3d  716, 724, 795 N.E.2d 953 (2003) (finding that the aggravated-unlawful-use-of-a-weapon statute was reasonably related to its goal of preventing anyone from possessing a weapon, even though one might theoretically violate the aggravated-unlawful-use-of-a-weapon 
law without culpable intent, because access to a weapon can lead to criminal behavior despite a lack of criminal intent).

The legislature could rationally conclude that possession of a license bearing a legal drinking age by
 individuals under 21 years old may be used as false identification to gain access to alcohol and that possession of such an identification card would lead to an overall increase in drunk driving or driving by persons under 21 years old who have consumed alcohol.  Further, the cases that plaintiff relies on here are inapposite from the facts of this case.  See 
Wick
, 107 Ill. 2d 62, 481 N.E.2d 676; 
Linder
, 127 Ill. 2d 174, 535 N.E.2d 829; 
People v. Lawrence
, 206 Ill. App. 3d 622, 624, 565 N.E.2d 322 (1990)
. 

T
he aggravated arson statute at issue in 
Wick
 was intended to punish arsonists whose conduct injured a policeman or a fireman who was present and acting in the line of duty.  
Wick
, 107 Ill. 2d at 66.  However, the aggravated arson statute at issue there made it a felony to knowingly damage a building by fire where the fire injures a fireman or policeman.  The court found that the statute was inconsistent with the simple arson statute, which required the offender to knowingly damage by fire another's property without authority or with the intent to defraud the insurer, thus requiring a greater degree of malice than the aggravated arson provision.  Where the aggravated arson statute did not require the same unlawful purpose as that required for simple arson, the statute did not bear a reasonable relationship to its stated purpose of providing a more severe penalty for arsonists whose conduct resulted in injury to a fireman or policeman.  
Wick
, 107 Ill. 2d at 66.  Although plaintiff does not cite to cases other than 
Wick
, our supreme court has subsequently relied upon 
Wick
 in striking down statutes as violative of substantive due process in 
People v. Wright
, 
194 Ill. 2d 1, 28, 740 N.E.2d 755, 768-69 (2000), and 
People v. Zaremba
, 
158 Ill. 2d 36, 41-42, 630 N.E.2d 797 (1994).   

In 
Wright
, the statute at issue made it a felony for certain individuals licensed under the Vehicle Code (625 ILCS 5/1-100 
et
 
seq
. (West 1996)) to knowingly fail to maintain records relating to the acquisition and disposition of vehicles and parts at their place of business.  The purpose of the statute was to prevent or reduce the transfer or sale of stolen vehicles or their parts;  the purpose was not to punish those who made a slight lapse in record keeping without any unlawful purpose.  Therefore, where the statute potentially punished innocent conduct with felony penalties
, the court held that the statute was not a reasonable means of preventing the trafficking of stolen vehicles and parts.  
Wright
, 194 Ill. 2d at 28.

In 
Zaremba
, the statute made it a felony to obtain or exert control over property in the custody of any law enforcement agency where the individual has knowledge that the property was stolen.  The court found that the statute did not bear a rational relationship to its stated purpose of breaking up "fencing" operations because it potentially punished the lawful actions of a police evidence technician who retained the proceeds of a theft for safekeeping.  
Zaremba
, 158 Ill. 2d at 38.
  Here, we are not confronted with a statute that imposes a criminal penalty or a potential prison sentence.  Moreover, neither this court nor our supreme court has ever applied the reasoning of 
Wick
 and its progeny to any case other than one involving a felony criminal statute.

Additionally, we find 
Lindner
 to be distinguishable.  Our supreme court, in striking down the provision at issue in that case, held that summarily suspending a sex offender's driver's license was not rationally related to the safe and legal operation of a vehicle where the identified crime did not involve  or have any relationship to a vehicle or the use of a vehicle.  
Linder
, 127 Ill. 2d 182-83.  Similarly, in 
People v. Lawrence
, this court struck section 6-205(b) of the Code which provided for the suspension of an individual's driver's license based upon a conviction for unlawful delivery of a controlled substance.  
Lawrence
, 206 Ill. App. 3d at 624.  In 
Lawrence
 the State argued that the unlawful delivery of a controlled substance could be furthered by driving with a valid driver's license.  This court held that imposing the suspension of a driver's license for this crime and not other crimes that could be furthered by driving was an arbitrary decision of the legislature.  
Lawrence
, 206 Ill. App. 3d at 624.

   In contrast, the behavior the State seeks to deter here is directly related to the safe and legal operation of motor vehicles; specifically, prohibiting underage individuals from acquiring and consuming alcohol and driving while intoxicated.  The statute only applies to individuals who are licensed to drive a motor vehicle and have in their possession an identification card not issued to that person.  Therefore, we find that the legislature could rationally seek to deter these offenses by providing for the suspension of the driving privileges of a license holder under 21 years old who merely possess identification not issued to him, especially when that identification card reflects a legal drinking age.

We are mindful that scenarios could be conceived where section 6-206(a)(10) encompasses innocent conduct.  This court has held that, under those circumstances, it would be left to prosecutorial discretion.  " '[T]he legislature should not be required to carry the burden of carving out every possible anomalous exception at the risk of having its statute declared facially unconstitutional.' "  
People v. Pizano
, 347 Ill. App. 3d 128, 139-40, 806 N.E.2d 1100 (2004) quoting 
Marin
, 342 Ill. App. 3d at 729.  
Also, in our view, it is significant to note that section 6-206(a)(10) of the Code is not a mandatory suspension or revocation provision, as it was in 
Linder
, 127 Ill. 2d at 185-86, and 
Lawrence
, 206 Ill. App. 3d at 623-24.  Discretion is given to the Secretary to decide whether to suspend or revoke the license of the offender based on the facts of the case.  625 ILCS 5/6-206(a)(10) (West 2000).   

Plaintiff attempts to distinguish 
Freed
 from this case by pointing out that the plaintiff in 
Freed
 was arrested for actually fraudulently using the identification of another, whereas no evidence was presented to prove that plaintiff actually used the identification card to purchase alcohol or enter a bar.  
Freed
, 301 Ill. App. 3d at 953.  Plaintiff further argues that the court in 
Freed
 upheld the constitutionality of section 6-206(a)(10) based on the narrow facts and circumstances presented in the record in that case.  While we do not disagree that the facts in 
Freed
 are different from those of the instant case, the question here is whether the statute is rationally related to the evil that the legislature is attempting to remedy.  Because we answer that question in the affirmative, it is immaterial that the decision in 
Freed
 was based on the specific facts in that case.  

Moreover, we do not agree with plaintiff that the facts of the case prove that the conduct here was clearly innocent.  The underage plaintiff here admitted that he had been drinking alcohol at a party while in possession of the identification card and was intoxicated when arrested by the Iowa City police.  Further testimony revealed that he illegally consumed alcohol in bars with his brother Daniel while the latter visited him in Iowa City.  Based on the facts and relevant authority, we cannot say that the statute sweeps too broadly or that the hearing officer's decision based upon an unconstitutional presumption that was applied to plaintiff.

Plaintiff alleges, although his reasoning is unclear, that section 6-206(a)(10) of the Code is unconstitutional on its face.  A facial challenge to legislation must establish that no set of circumstances exists under which the statute would be valid.  
United States v. Salerno
, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707, 107 S.Ct. 2095, 2100(1987).  As the statute is constitutional as applied to plaintiff, a facial challenge would also fail.  
Freed
, 301 Ill. App. 3d at 958. 

II

Plaintiff also contends that section 6-206(a)(10) violates the proportional penalties clause because it punishes the mere possession of an identification card the same as displaying or attempting to fraudulently use an identification card.  Plaintiff's argument relies on the assumption that the suspension of a driver's license is considered "punishment" for purposes of the proportionate penalties clause of the Illinois Constitution.  
Article I, section 11, of the Illinois Constitution provides:

   "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.  No conviction shall work corruption of blood or forfeiture of estate.  No person shall be transported out of the State for an offense committed within the State."   Ill. Const. 1970, art. I, § 11.  

The United States Supreme Court has construed the eighth amendment of the United States Constitution to apply only to the "criminal process and *** direct actions initiated by government to inflict punishment."  
Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.
, 492 U.S. 257, 260, 106 L. Ed. 2d 219, 228, 109 S.Ct. 2909, 2912 (1989).  Illinois courts have construed article I, section 11, of the Illinois Constitution of 1970 to be the Illinois constitutional equivalent of the eighth amendment, and they have similarly limited its application to the criminal process and direct actions initiated by government to inflict punishment.  
Department of Corrections v. Adams
, 278 Ill. App. 3d 803, 809, 663 N.E.2d 1145 (1996).  Moreover, 
Freed
 held that the suspension of a driver's license by the Secretary is not considered criminal punishment.  
Freed
, 301 Ill. App. 3d at 956 (holding that suspension of driving privileges is not punishment and does not violate an individual's right not to be subject to double jeopardy or constitute a disproportionate penalty).  For this reason, plaintiff's proportionate penalties argument fails.  

III

Plaintiff next contends that the decision by the Secretary to adopt the finding of facts and recommendations by the hearing officer was clearly erroneous and contrary to the manifest weight of the evidence.  We disagree.

The Secretary's decision to suspend plaintiff's driver's license is entitled to deference on administrative review and it will not be disturbed unless it is against the manifest weight of the evidence or it is arbitrary and capricious.  
Kalita v. White
, 342 Ill. App. 3d 796, 807, 795 N.E.2d 903 (2003).  This court's sole function when reviewing administrative action is to ascertain whether the final decision of the administrative agency is just and reasonable in light of the evidence presented.  
Berry v. Edgar
, 192 Ill. App. 3d 455, 459, 548 N.E.2d 575 (1989).  If there is anything in the record that fairly supports the action of the agency, the decision is not against the manifest weight of the evidence and must be sustained upon judicial review. 
Berry
, 192 Ill. App. 3d at 459.  

Here, evidence was adduced at the hearing that supported the hearing officer's decision.  Plaintiff was not of legal drinking age, yet he testified that he was intoxicated at the time of his arrest.  Prior to his arrest, he had been drinking at a party.  He further testified that he was in possession of the identification card during the time that he was illegally consuming alcohol.  At all times relevant to the this case, plaintiff held an Illinois driver's license and testified that he drove to and from his place of employment and his home in River Forest.  We hold that a reasonable hearing officer could conclude, consistent with the purpose and intent of section 6-206(a)(10) of the Code, that plaintiff's driver's license should be suspended to prevent underage drunken driving based on these facts.  Even though we may agree that the opposite conclusion could have been reached under these circumstances, an administrative agency's decision is not contrary to the manifest weight of the evidence merely because we might have decided this case differently in the first instance.  
Berry
, 192 Ill. App. 3d at 459.  

CONCLUSION

For the forgoing reasons, we hold that section 6-206(a)(10) of the Code: (1) does not violate due process because it is rationally related to the safe and legal operation of a motor vehicle; (2) is not unconstitutional on its face and was not applied unconstitutionally to plaintiff; and (3) does not violate article I, section 11, of the Illinois Constitution.  We further hold that the hearing officer's findings were not against the manifest weight of the evidence.  Accordingly, the judgment of the circuit court and the order of the Secretary is affirmed.

Affirmed.  

CAHILL, P.J., and McBRIDE, J., concur.